CASE 81—INDICTMENT—MAY 18.

# Kidwell v. Commonwealth.

### APPEAL FROM ESTILL CIRCUIT COURT.

TWO OR MORE PERSONS JOINTLY INDICTED MAY TESTIFY FOR EACH OTHER, although a conspiracy is charged in the indictment and proved, the provisions of the Criminal Code and amendments thereto, disqualifying co-conspirators jointly indicted from testifying for each other, having been repealed.

WHITE & SMITH AND RIDDELL & RIDDELL FOR APPELLANT.

1. The court erred to the prejudice of the appellant in refusing to admit the testimony of Jesse Lunsford and Earl Kidwell who were jointly indicted with appellant and charged with conspiring together for the purpose of detaining and having carnal knowledge of one Pattie Tuggle. (Act of General Assembly approved March 23, 1894, repealing sec. 234 and sub-secs. 3 and 4 of sec. 223, Criminal Code; Thompson v. Commonwealth, 16 Ky. Law Rep., 168.)

2. The continuance asked for by defendant on the ground that he had no opportunity to consult his attorneys or to procure witnesses, the indictment having been returned only fifteen minutes before his case was called, was improperly refused by the court.

3. The finding of the jury was not sustained by the evidence in the case.

Kidwell v. Commonwealth.

WM. J. HENDRICK, ·ATTORNEY GENERAL, FOR APPELLEE.

1. The circuit judge having the best opportunity to judge of all the facts and circumstances presented in regard to granting appellant a continuance, it must be conceded, under the ruling of this court that the circuit courts should be allowed a wide discretion on all such questions, that the court below acted wisely and within the law.

2. If the case of Thompson v. Commonwealth, 16 Ky. Law Rep., 168, establishes the law as to the admission of testimony of confederates and co-conspirators, the exclusion of the testimony of those indicted jointly with defendant and charged with conspiracy was error in the court and the judgment in the case should be reversed.

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

On the first day of April, 1893, the grand jury of Estill county returned an indictment against the appellant, Thomas Kidwell, Jesse Lunsford and Earl Kidwell, charging them with the crime of rape, alleged to have been committed on the person of one Pattie Tuggle.

On motion of appellant, a separate trial was awarded him, and, after a number of continuances, the case having been again called for trial at the March term, 1895, of the Estill Circuit Court, both the Commonwealth and the accused announced themselves ready for trial. The work of impaneling a jury was then begun, and after seven jurors had been ·selected and agreed upon, the Commonwealth's attorney made a motion to quash the indictment, and to refer the case again to the grand jury, which was then in session. To this motion appellant objected, but the court sustained the same, and the case having been re-referred to the grand jury, that body, on the same day and within an hour thereafter, returned another indictment charging these same parties with unlawfully and feloniously detaining this female against her will, and charging that the parties so ac-

cused had feloniously conspired and banded themselves together for the purpose of detaining the said Pattie Tuggle, etc.

The case being again called for trial on the same day under this new indictment, appellant asked for a continuance and filed his affidavit in support of the motion, alleging that the indictment had only been returned a few minutes before, that he had had no opportunity of consulting his attorney or of talking with his witnesses, and that he was not guilty of the charge, but the court overruled his motion for a continuance and ordered the trial to proceed, to which appellant excepted. The jury found appellant guilty and fixed his punishment at two years in the penitentiary. A motion was then made by appellant to set aside the verdict and the judgment rendered thereon, and for a new trial, but this motion was overruled by the court, and appellant then excepted and prayed this appeal.

Although appellant urges, as ground for reversal, the fact that he was forced to go to trial under this indictment on the same day on which it was returned and without any reasonable opportunity to prepare therefor, yet it is unnecessary for us to pass upon the sufficiency of this ground, as the court below has so palpably erred to his prejudice in another particular as to entitle him to the reversal which he seeks, and upon that ground alone we prefer to base our decision.

It is to be observed that not only was there a change in the second indictment, as to the character of the offense charged, but this indictment also charges a conspiracy between appellant and the other defendants to commit this offense. It is argued by counsel for appellant that the purpose of the attorney for the Commonwealth in so charging appellant and Jesse Lunsford and Earl Kidwell with having

conspired and confederated together for the commission of this crime, was to disqualify and render incompetent these alleged co-conspirators, as witnesses in behalf of appellant.

However this may be, the court below did refuse to allow either of these alleged accomplices, Lunsford and Earl Kidwell, to testify when offered by appellant as witnesses, and, as it appears from the avowals of his counsel as to what could be proved by them, that their testimony would have been material to him in his defense, we think the court thereby committed an error to the prejudice of his substantial rights.

It is true that as the law formerly existed in this State, where two or more persons were jointly indicted for the same offense, they could not testify for each other if the indictment charged a conspiracy between them.    This is expressly provided in sec. 234 of the Criminal Code (Carroll's edition), which corresponded with sec. 232 of the code that went into effect January 1, 1877.    And by sec. 3 of the act of May 1, 1886, it was provided as follows, to-wit:    "If two or more persons are jointly indicted, they may testify for each other, unless a conspiracy is charged in the indictment and proven to the satisfaction of the court."    (See sec. 223 Criminal Code, Carroll's edition, 1888, and amendments thereto.)

But, by an act of the General Assembly of this State, approved March 23, 1894, both sec. 234 of the code, and sec. 3 of the act of May 1, 1886, above referred to, are expressly repealed.    (See Session Acts, 1894, p. 372.)

It therefore follows that the exception based upon the fact that the indictment contains a charge of conspiracy no longer has any application and no longer disqualifies the party jointly charged from testifying for his co-conspirator.

This principle was recognized by this court in the case of

Thompson v. Commonwealth, 16 Ky. L. R., 168, and, while the question was not necessarily involved in that case, for the reason that it arose before the passage of the repealing statute above referred to, yet, as therein stated, the disqualification placed upon a witness by reason of his being charged as a co-conspirator has been removed, and the existence of this fact no longer renders him incompetent to testify.

Especially does there seem to be no good reason now for excluding the testimony of the alleged accomplice, since the accused is allowed by the statute to testify in his own behalf. The policy of the law seems to be to extend rather than to restrict the scope of admissible testimony, and the relaxation of the rigid rules of evidence, disqualifying witnesses because of interest or because of being parties to the record, evinces a purpose to arrive at the truth of the case by allowing all the facts to go to the jury where they may be given the weight to which they are entitled.

The court, therefore, erred in excluding the testimony of Jesse Lunsford and Earl Kidwell in this case, and for this reason the judgment is reversed and the action remanded, with instructions to the circuit court to set aside the verdict and judgment and award appellant a new trial.